CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 1 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELVIN QUICK, | ) | |
| Petitioner, | ) | Civil Action No. 7:09CV00294 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Melvin Quick, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Quick, who has an amputated leg and wears a prosthesis, is currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee"). In his petition, he alleges that over the last several years of his incarceration at several prison facilities operated by the Federal Bureau of Prisons ("BOP"), officials have repeatedly failed to adequately accommodate his disability. Upon review of the record, the court concludes that the case must be dismissed because the claims are not cognizable in habeas.

## Background

Quick alleges the following sequence of events on which his claims are based. Quick has been incarcerated since 1996. He asserts that he has been "constantly neglected and denied empathy concerning prompt replacement of his improperly fitt[ed] and broken prosthesis." He was previously incarcerated at F.C.I. Manchester in Kentucky in 2003, F.C.I. Edgefield in South Carolina in 2003, and F.C.I. Estill in South Carolina in 2005. At each of these three institutions, he pleaded with officials and medical personnel to repair or replace his prosthesis. The company that makes the prosthesis informed him that prison officials delayed the replacement, but he finally received it in January 2005. Then, he discovered that the new device was not the correct length and caused him excruciating pain on the left side of his body. Officials at F.C.I. Estill were slow to act in correcting this problem. Once, while Quick was descending a staircase from

the second tier, the prosthesis came completely off his amputated leg, causing him to tumble violently down the stairs. In the fall, he injured his head, neck, back, stump, and left hip. Officials also apparently did not always ensure that he was not cuffed with his hands behind him, so that he had no way to break a fall.

In 2007, officials transferred Quick to the BOP transfer center in Oklahoma and then to U.S.P. Coleman. While there, Quick fell in a shower that was not equipped for handicapped individuals. He suffered injuries to his hand, neck and head in that fall. In January 2008, he was transferred to F.C.I. Pollock in Louisiana. Once again, his requests for transfer to a lower bunk in a handicapped-equipped cell were delayed or denied. Now, Quick is housed at USP Lee in Jonesville, Virginia. His cell is not equipped for a handicapped person, and he fears that he will suffer further injuries because of prison officials' alleged apathy about his need for accommodation of his medical conditions.

Based on these allegations, Quick asserts that BOP officials have violated his rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment, BOP Policy 18 U.S.C. § 4042, the Americans with Disabilities Act ("ADA"), and the Federal Rehabilitation Act ("Rehab Act"). As relief on these claims, Davis seeks a preliminary injunction directing that he be transferred to a cell at USP Lee that is equipped for handicapped individuals or that he be transferred to another BOP prison facility that can immediately accommodate his needs.

## Discussion

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). The court construes Quick's petition as alleging that because BOP officials have failed to accommodate his disability appropriately, in violation of several constitutional provisions and federal statutes, he is entitled to relief under § 2241. He is mistaken.

2

The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to 42 U.S.C. § 1983 (by state prisoners) or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (by federal prisoners). Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Muhammed v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (finding that prisoner's claim for entitlement to work release was not appropriately phrased as § 2241 claim, but should be addressed in civil rights action);[1] Eldridge v. Davis, No. 03-CV00502DRH, 2005 WL 1653766 (S.D. Ill. 2005) (finding that inmate's demands, under the Constitution, the ADA, and the Rehab Act, for better accommodation of his chronic medical conditions or for transfer to a better-equipped prison facility, were not properly raised under § 2241) (unpublished).

In his § 2241 petition, Quick is not alleging any ground on which he is entitled to a shorter term of confinement or on which the criminal judgment under which he is being detained by the BOP is invalid. Rather, he is challenging the environments in which BOP officials have incarcerated him. He claims that officials at BOP facilities around the country over the past six

---

[1] The United States Court of Appeals for the Seventh Circuit offered this description of the difference between a habeas claim and civil rights claim:
> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. But <u>if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law</u>, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

Graham, 922 F.2d at 381 (emphasis added).

3

years have not provided prompt repair of his prosthesis and have not ensured his assignment to a cell and/or a unit within the prison equipped for safe use by a person with his medical problems. As the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before the court as a habeas claim under § 2241.

Because Quick is not represented by counsel, the court has an obligation to construe his allegations liberally. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (finding that if pro se litigant alleges possible actionable claim, court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court"). Thus, despite his label of the type of action he wishes to bring, the court could construe Quick's petition as a civil rights action under Bivens, 403 U.S. 388, and allow him to amend to name appropriate defendants.

The court does not find it appropriate to construe Quick's petition as a civil rights action under Bivens, however. Before bringing such an action in federal court, the inmate plaintiff must first exhaust the administrative remedies available to him within the BOP concerning the conditions of which he complains. 42 U.S.C. § 1997e(a). If he fails to do so, defendants may move for dismissal of the action, even after the plaintiff has paid or consented to payment of the $350.00 filing fee for bringing a civil rights action. In this case, Quick's pleading offers no indication that he has exhausted his administrative remedies concerning the living conditions at USP Lee. He does not allege facts concerning any requests he has made to officials at USP Lee concerning his desired accommodations or offered any documentation of his use of the administrative remedies procedures there. He attaches many grievances and inmate complaint forms as exhibits, but all of them concern events from years ago at other BOP prison facilities. Until he has raised his concerns about USP Lee conditions to USP Lee officials through the administrative remedies procedures, informing them of his specific needs for accommodation

and giving them an opportunity to assist him, he has not complied with § 1997e(a) and thus may not file a <u>Bivens</u> action about these concerns.[2]

## Conclusion

For the stated reasons, the court concludes that petitioner's claims are not properly before the court in a <u>habeas</u> action under § 2241, as presented, and accordingly, that the action is appropriately dismissed without prejudice. An appropriate order will enter this day. If the court is incorrect in determining that Quick has not exhausted administrative remedies at USP Lee, or once Quick has exhausted these remedies, he may file a new civil action if he still feels his rights have been violated.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of July, 2009.

_____
United States District Judge

---

[2] The court also believes that generally, failure to exhaust remedies precludes preliminary injunctive relief. Generally, until an inmate has exhausted his administrative remedies regarding a need for accommodation at his current location, he cannot prove that prison officials have knowingly failed to meet his needs, so he cannot support a claim that he is subject to imminent and irreparable harm in the absence of the requested relief from the court. See <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 360 (4th Cir. 1991) (finding that without a showing of imminent, irreparable harm in the absence of interlocutory relief, the court cannot grant such relief).

5